*Note: Decisions of a three-justice panel are not to be considered as precedent before any tribunal.*

**ENTRY ORDER**

SUPREME COURT DOCKET NO. 2015-153

FEBRUARY TERM, 2016

| | | |
|---|---|---|
| State of Vermont | } | APPEALED FROM: |
| | } | |
| | } | Superior Court, Bennington Unit, |
| v. | } | Criminal Division |
| | } | |
| | } | |
| Steven A. Stone | } | DOCKET NO. 1241-11-13 Bncr |

Trial Judge: David A. Howard

In the above-entitled cause, the Clerk will enter:

Defendant appeals from the trial court's denial of his motion to dismiss his convictions for lack of a speedy trial. He argues that the speedy-trial factors weigh in favor of dismissal. We affirm the trial court's decision.

Defendant was charged with disorderly conduct and resisting arrest based on an incident that occurred in October 2013. He was arraigned on November 15, 2013, and released on conditions without a bail requirement. On October 15, 2014, defendant moved to dismiss the charges against him, arguing that he was deprived of his right to a fair and speedy trial. The court applied the balancing test set forth in Barker v. Wingo, 407 U.S. 514, 530 (1972) and denied the motion. Trial was held in February 2015, and defendant was convicted of both charges. Defendant then filed a post-trial motion for a judgment of acquittal, reasserting his claim that he was denied his right to a speedy trial. The court again considered the Barker factors, which "are the length of the delay, the reason for the delay, the extent to which defendant asserted his speedy trial right, and any prejudice to the defendant caused by the delay." State v. Reynolds, 2014 VT 16, ¶ 8, 196 Vt. 113 (citing Barker, 407 U.S. at 529-30). Balancing these factors, the court concluded that dismissal was not warranted.

The court first found that the period between arraignment and trial was longer than desired and it sufficed to have the court review the remaining factors. See Barker, 407 U.S. at 530 ("Until there is some delay which is presumptively prejudicial, there is no necessity for inquiry into the other factors that go into the balance."). Turning to the remaining factors, the court found that while the ability to schedule the trial was a major reason for the delay, there were other contributing reasons as well. The public defender's office withdrew from the case several weeks after arraignment and new counsel came on. Several calendar calls were held with requests for further conferences as the case was joined with a co-defendant. By April 2014, the State had formally moved to join the cases for trial. This was granted in late May, and the matter was then continued in June due to the co-defendant having surgery. There was no record of defendant objecting to these developments at the time. In June, defendant requested a new attorney. Before his request could be heard, a different attorney within the firm took over the case. The case was then set for jury draw on August 12, 2014. On that date, defendant moved to sever the case from that of his co-defendant. This was almost three months after joinder had

been granted. The motion was denied, but the jury draw was moved to early September. Defendant did not appear at the jury draw, and an arrest warrant was issued. The arrest warrant was executed on September 4, but defendant was released, and the jury draw remained scheduled for September 9. The case was not reached for jury draw on that day.

On October 15, 2014, defendant filed a motion to dismiss, arguing that his speedy trial right had been denied. While the motion was pending, a possible jury draw on October 28 was cancelled due to defense counsel's unavailability. The motion to dismiss was denied on October 29. Jury draw on November 4 could not go forward because defendant again did not appear. Another arrest warrant issued. Defendant appeared the next day, but his trial date of November 6 had been continued due to his failure to appear on the 4th. Defendant's case was not selected during jury draw days in the following two months, as other cases were more highly prioritized, including felonies as old as or older than his and cases with felony defendants who were incarcerated for lack of bail. A jury was selected in February 2015, and trial was held.

Based on these facts, the court found no violation of defendant's speedy trial rights. It reasoned that while the court's crowded schedule caused a fair amount of the delay, defendant could well have been tried in late 2014 but for his failures to appear at crucial times and his counsel filing for a continuance due to his schedule. Although the trial would have occurred about a year after defendant was arraigned, even without these delays, other events caused delay in that one year period including requested time to attempt to achieve a settlement, the court's decision to join the cases of the defendants, and defendant's late and repetitious motion for severance.

The court found that defendant asserted his right to a speedy trial by motion in October 2015, and he renewed it up to the trial in February. This weighed in his favor, but not heavily. Defendant's missed jury draw in November lessened the effect of this demand, and trial was held a few months later.

The court found that the final Barker factor, the prejudice to defendant, was the most important one. While courts had assumed that a long enough delay was prejudicial without specifics, defendant's general claim that his witnesses did not have as clear a memory as they might have had earlier did not suffice. The court found that the underlying event was a confusing one, with some people seeing only parts of it. Yet defendant's witnesses, four besides himself, were either relatively clear in claiming that defendant did not do anything to justify the officers' arrest and did not have a chance to "resist," or testified that they did not see the actual disturbance or arrest. With respect to the latter category of witnesses, the delay would have had no effect on their ability to testify. Additionally, the court found that the underlying event was not particularly lengthy, nor did it involve many details. The court did not find that the delay compromised defendant's ability to present a defense in a manner warranting dismissal.

The court did not ignore the separate prejudice of having a charge weigh against one for over a year, but it found that defendant's conditions of release were modest and the charges were not so emotional as to cause a great degree of public disdain. While defendant may have lost income due to attending hearings and calendar calls, the court granted his request to skip such hearings once the request was made. Thus, in balancing all of the required factors, and based on the analysis above, the court concluded that defendant's right to a speedy trial was not so delayed or so prejudicial as to require vacating the conviction and dismissing the case.

Defendant challenges this ruling on appeal. He argues that all of the Barker factors weigh in his favor because: (1) this was not a difficult case to prosecute; (2) only two of the

fifteen months of delay, at most, were attributable to him; (3) he asserted his right to a speedy trial; and (4) he was prejudiced by having a charge weighing against him for over a year, including having to come to a number of hearings that caused him to miss work and lose income, and his ability to present a defense was hampered because any witness's ability to recall events necessarily lessens with time.

"Because the trial court must make both factual and legal decisions in considering the Barker factors, we apply a mixed standard of review." Reynolds, 2014 VT 16, ¶ 9. "We will not disturb the trial court's factual findings concerning the reasons for delay or the showing of prejudice unless they are clearly erroneous." Id. We "review the court's ultimate legal conclusion about whether the pretrial delay resulted in a constitutional violation" de novo. Id. We find no error here.

At the outset, we emphasize that all four of the Barker factors "are related . . . and must be considered together with such other circumstances as may be relevant." 407 U.S. at 533. First, while a fifteen month delay between arrest and trial was sufficient to compel an examination of the remaining Barker factors, we do not find the delay so extraordinary that it weighs heavily against the State. Cf. State v. Brillon, 2008 VT 35, ¶¶ 16-17, 183 Vt. 475, reversed on other grounds sub. nom., Vermont v. Brillon, 556 U.S. 81 (2009) (stating, in context of assessing whether three-year delay in trying defendant sufficed to trigger review of remaining Barker factors, that "[i]rrespective of the reason for the delay, egregious delay in bringing an incarcerated defendant to trial must be factored against the state in a speedy-trial analysis because . . . it is ultimately the government's responsibility to bring a defendant to trial in a timely manner").

As to the reasons, the court recognized that its crowded docket was responsible for a fair amount of the delay. This weighs against the State, but not heavily. See Barker, 407 U.S. at 531 (observing that deliberate attempt to delay trial to hamper defense should be weighted heavily against government, while "[a] more neutral reason such as . . . overcrowded courts should be weighted less heavily but nevertheless should be considered" because government, not defendant, bears ultimate responsibility for such circumstances); see also State v. Unwin, 139 Vt. 186, 195-96 (1980) (citing Barker, and concluding that where there was no deliberate attempt by prosecution to hinder defense, six-month delay in bringing case to trial, including three-month delay in deciding pretrial motion, would weigh against state but "not very strongly"). The court also found that certain pretrial matters, for which the parties shared responsibility, caused part of the delay. Defendant asserts that he is responsible only for two months of delay. Yet the trial court found that defendant twice failed to appear at jury draws, and but for these absences and his attorney's request for a continuance, defendant could well have been tried in late 2014. Despite defendant's assertions to the contrary, we do not find the reasons for the delay to weigh strongly against the State.

As to defendant's assertion of the right, defendant filed a motion to dismiss one year after his arraignment, but there is no indication that he demanded an immediate trial. See Unwin, 139 Vt. at 196 ("A motion to dismiss based on an alleged violation of the right to a speedy trial is not the equivalent of a demand for an immediate trial."). While defendant "preserved the issue in his motion to dismiss, . . . this is not a case in which repeated calls for a trial went unanswered." Reynolds, 2014 VT 16, ¶ 24. As we observed in Reynolds, "[t]he primary result [of having filed a motion to dismiss] is that the defense does not lose ground by seeming to acquiesce in the delay." Id.

3

Finally, we consider "the most important factor," which is "the actual prejudice as a result of the delay." State v. Turner, 2013 VT 26, ¶ 12, 193 Vt. 474. The United States Supreme Court has "held that prejudice should be assessed 'in the light of the interests of defendants which the speedy trial right was designed to protect,'" namely "prevention of oppressive pretrial incarceration, minimization of anxiety and concern, and, most importantly, limiting the possibility that the defense will be impaired." Id. (quoting Barker, 407 U.S. at 532). In this case, as the trial court found, defendant was not incarcerated, and he had modest conditions of release. The court excused him from attending hearings and calendar calls once he asked for such relief, thereby minimizing any potential financial impact. The charges against him did not engender public disdain. Most importantly, defendant makes no persuasive showing that his ability to prepare a defense was impaired. His assertion that "any witness's ability to recall events necessarily lessens with time" is too general to support a claim of prejudice. See Unwin, 139 Vt. at 197 (holding that defendant failed to make sufficient allegation of prejudice where he "only raised the possibility that the memories of some defense witnesses may have been impaired by the delay"); see also People v. Gilmore, 564 N.W.2d 158, 168 (Mich. 1997) (holding that "general allegations" that "delay causes witnesses' memories to fade" are insufficient). Moreover, in this case, as the trial court found, defendant's witnesses were either relatively clear in their assertions that defendant did nothing to justify the officers' arrest and did not have a chance to "resist," or they did not see the actual events. Based on the absence of any meaningful prejudice, considered in combination with the additional Barker factors above, we agree with the trial court that defendant's speedy trial rights were not violated.

Affirmed.

BY THE COURT:

_____
Paul L. Reiber, Chief Justice

_____
John A. Dooley, Associate Justice

_____
Marilyn S. Skoglund, Associate Justice